United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adriana Alarcon, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-21006-Civ-Scola |
| | ) |
| Shisheido Travel Retail Americas, | ) |
| Inc., Defendant. | ) |

## Order on Amended Motion to Dismiss or in the Alternative, for More Definite Statement

This matter is before the Court upon the Defendant Shisheido Travel Retail Americas, Inc.'s Amended Motion to Dismiss Count 2 of Plaintiff's Complaint, or in the Alternative, for More Definite Statement (ECF No. 8). After careful consideration of the motion, the response, and the applicable case law, the Court **denies** the amended motion (**ECF No. 8**).

### 1. Background

This case involves a dispute over wages allegedly owed to the Plaintiff Adriana Alarcon. In the complaint (ECF No. 1), the Plaintiff asserts two claims against the Defendant—a claim for unpaid overtime wages (Count 1) pursuant to the Fair Labor Standards Act, 29 U.S.C. section 216(b), and a claim for wages under Florida Statutes section 448 (Count 2). The Defendant has filed an answer as to Count 1 (ECF No. 6) and requests the dismissal of Count 2 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a more definite statement under Rule 12(e). (*See* Mot., ECF No. 8.)

In Count 2 of the complaint, the Plaintiff alleges that as of February 1, 2018 the Defendant owes the Plaintiff back wages for the calendar years 2016, 2017, and 2018. (ECF No. 1 ¶ 21.) The Plaintiff also alleges that the Defendant owes the Plaintiff approximately $1,851.00 for wages inappropriately applied to insurance benefits, and approximately $4,000.00 for wages withheld and applied to a 401(k) instead of paying back a loan. (ECF No. 1 ¶ 22.) The Plaintiff further alleges that the Defendant's failure to pay the wages represents a breach of duty under the terms of the Plaintiff's employment. (ECF No. 1 ¶ 23.) The Plaintiff uses section 448.08 of the Florida Statutes as the basis for these allegations. (ECF No. 1 at 6.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as

true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

A 12(e) motion will be granted when a complaint is "so vague or ambiguous that the [opposing] party cannot reasonably form a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored because defendants often move for a more definite statement to delay the progress of the plaintiff's case. *U.S. Specialty Ins. Co. v. Jet One Exp., Inc.*, 2013 WL 3451362, *2 (S.D. Fla. 2013) (Scola, J.).

### 3. Analysis

In its amended motion, the Defendant seeks dismissal of Count 2, arguing that the Plaintiff alleges the Defendant is responsible for wages under section 448 of the Florida Statutes, but fails to provide any specificity as to the relevant portions of this section under which the Plaintiff seeks relief and fails to set forth facts in support of her claim. In the alternative, the Defendant asserts that Count 2 is so vague and ambiguous that a more definite statement is warranted.

As previously discussed, the Plaintiff asserts that her claim for wages arises under Florida Statutes section 448.08. However, section 448.08 "does not create or otherwise provide for a cause of action for back wages; it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages." *Short v. Bryn Alan Studios, Inc.*, No. 8:08-CV-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008); *see also Edwards v. Niles Sales & Serv., Inc.* 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006) (Moore, J.) (same).

Nevertheless, "Florida law broadly construes wages within the meaning of § 448.08 to include all compensation paid by an employer for the performance of service by an employee." *See Short*, 2008 WL 2222319, at *3; *Edwards*, 439 F. Supp. 2d at 1208 n.6. Thus, the proper basis for the Plaintiff's claim for unpaid wages is Florida common law, and for this reason, courts construe wage claims asserted under section 448.08 as claims arising under Florida common law. *Id.* Indeed, "[u]nder Florida common law, a plaintiff can recover unpaid wages under a breach of contract theory." *Alfonso v. Care First Med. Ctr. Inc.*, No. 14-22717-CIV, 2015 WL 1000983, at *3 (S.D. Fla. Mar. 4, 2015) (Moreno, J.).

In this case, the Plaintiff's claim for unpaid wages is based on the Plaintiff's assertion that she was an employee of the Defendant, that the Defendant owes her several months of back wages starting in 2016 and ending in February 1, 2018, and that the Defendant's failure to pay her constitutes a breach of her terms of employment. (ECF No. 1 ¶¶ 1, 21, 23.) The Plaintiff also asserts that the Defendant improperly applied or withheld wages. (*Id.* ¶¶ 21-22.) In essence, the Defendant maintains, citing no supporting authority, that the Court should impose a heightened pleading standard upon the Plaintiff, requiring specific factual allegations, such as how insurance benefits were improperly applied. While a more detailed pleading on the Plaintiff's part as to the wages misapplied and amounts incorrectly withheld would have been better, the Plaintiff has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence to support her claim, and gives the Defendant sufficient notice of the nature of her claim. *Souder v. Premier Auto. on Atl., LLC*, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, *4 (M.D. Fla. Mar. 13, 2009). The Defendant's desire for more specificity is not a basis for granting its motion. *See, e.g. Fink v. Burlington Coat Factory*, No. 13-62316-CIV, 2014 WL 2158416, at *4 (S.D. Fla. May 23, 2014) (Rosenbaum, J.) (denying motion to dismiss or in the alternative, for more definite statement even though complaint was "factually meager"). If the Defendant wants to learn more, it can do so in discovery. *Deltoro v. Fresh Mkt., Inc.*, No 14-61210-Civ-Scola, 2014 WL 11776942, *2 (S.D. Fla. Nov. 25, 2014) (Scola, J.).

The Plaintiff therefore has alleged sufficient facts to state a claim for unpaid wages in this case. For the same reason, the Defendant is not entitled to a more definite statement pursuant to Rule 12(e). Indeed, "[a] motion for a more definite statement is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Euro RSCG Direct Resp., LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (Cohn, J.).

### 4. Conclusion

Accordingly, the Court **denies** the amended motion to dismiss, or in the alternative, for more definite statement (**ECF No. 8**). The Defendant shall file its answer to Count 2 of the complaint on or before **June 26, 2018**.

**Done and ordered** at Miami, Florida on June 19, 2018.

Robert N. Scola, Jr.
United States District Judge